## (April 9, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARION FRANKLIN, Petitioner, v. WARDEN, BROOKLYN HOUSE OF DETENTION FOR MEN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH EDWARDS, Petitioner, v. WARDEN, RIKERS ISLAND ADULT REMAND SHELTER C-71, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT HERMANN, on Behalf of JAMES ABNEY, Petitioner, v. WARDEN, BROOKLYN HOUSE OF DETENTION FOR MEN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT HERMANN, on Behalf of BARBARA ANN BOONE, Petitioner, v. WARDEN, NEW YORK CITY CORRECTION INSTITUTE FOR WOMEN, Respondent. — On January 4, 1973, this court dismissed the writ in each of the four above-entitled habeas corpus proceedings (and also in a fifth such proceeding). In each case, the petitioner, a pretrial detainee, held for more than six months, as a result of an indictment handed up by a Grand Jury in Kings County, sought to be released on his own recognizance under the authority of the so-called "ready trial" rule found in CPL 30.30, although the District Attorney asserted he was ready for trial within the 90-day or six-month period prescribed by the statute. We held that the failure in each case to afford a prompt trial was attributable to calendar congestion and lack of adequate court facilities, which situation constituted "exceptional circumstances" within the meaning of CPL 30.30 (subd. 4, par. [g]), thus deferring the application of the sanction of dismissal set forth in the statute; however, on February 16, 1973, the Court of Appeals modified our orders and remitted the matters to us for further action in accordance with its opinion (People ex rel. Franklin v. Warden, Brooklyn House of Detention for Men, 41 A D 2d 531, mod. 31 N Y 2d 498). Upon the remand, we now, in turn, remand the matters to the Supreme Court, Kings County, for the purpose of taking and retaining jurisdiction of these proceedings pending trial or other disposition and direct that said court grant a trial preference in each of these four cases to assure that trial will be commenced

within three months after the date of the Court of Appeals' determination (Feb. 16, 1973) or within such further time extension as may be granted by the Supreme Court, Kings County, on a showing of justifiable excuses on the part of either the District Attorney or the defendant arising subsequent to February 16, 1973 and unrelated to congested calendars or lack of court facilities. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.